UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RUDOLPH BETANCOURT, Individually,

      Plaintiff,

vs.

                                        Case No.

DEERFIELD BEACH ES HOTEL, L.L.C.,
a Delaware Limited Liability Company,

      Defendant.

_____/

## COMPLAINT
*Injunctive Relief Demanded*

Plaintiff, RUDOLPH BETANCOURT, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, DEERFIELD BEACH ES HOTEL, L.L.C., a Delaware Limited Liability Company, (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq*. ("ADA").

1.     Plaintiff, RUDOLPH BETANCOURT, is an individual residing in Fenwick, MI, in the County of Montcalm.

2.     Defendant's property, Embassy Suites by Hilton Deerfield Beach Resort & Spa, is located at 950 S. Ocean Dr., Deerfield Beach, FL 33441 (a/k/a 950 S. 20th Ave., Deerfield Beach, FL 33441), in the County of Broward.

3.     Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.

4.     The Defendant's property is located in and does business within this judicial

district.

5.      Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq.  See also*, 28 USC § 2201 and § 2202.

6.      Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

7.      Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

8.      Mr. Betancourt stayed as a hotel guest at the subject hotel on October 13, 2021, which forms the basis of this lawsuit.

9.      The purpose of staying at the subject hotel was for Mr. Betancourt to observe his son participate in baseball tryouts and for Mr. Betancourt to see his friends, who are Mr. Betancourt's military buddies.

10.      Mr. Betancourt also stays in Deerfield Beach occasionally when he is coming to South Florida from Michigan.

11.      Mr. Betancourt returned to the area in March 2022.

12.      Mr. Betancourt will return to the subject hotel in the near future once it is made accessible for his use to avail himself of the goods and services at the property, and to confirm the property is brought into compliance with the ADA.

13.      Mr. Betancourt intends to continue to return to the South Florida area on a regular basis, Broward county area in particular.

14.      The barriers to access at the subject property have endangered his safety.

15.      Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR

2

36.201(a) and 36.104.

16.     Defendant is responsible for complying with the obligations of the ADA.

17.     The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Embassy Suites by Hilton Deerfield Beach Resort & Spa, and is located at 950 S. Ocean Dr., Deerfield Beach, FL 33441, (a/k/a 950 S. 20th Ave., Deerfield Beach, FL 33441).

18.     Rudolph Betancourt has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in this Complaint.

19.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

20.     Mr. Betancourt desires to visit Embassy Suites by Hilton Deerfield Beach Resort & Spa, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

21.     The Defendant has discriminated against the Plaintiff, by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182 et seq.

22.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

23.     A preliminary inspection of Embassy Suites by Hilton Deerfield Beach Resort & Spa has shown that violations exist.

3

24.     These violations which Rudolph Betancourt personally encountered and/or observed, and which were confirmed by an ADA expert include, but are not limited to:

**Accessible Route**

25.     The accessible route to the restrooms in the pool area has a vertical change in level that exceeds the maximum requirement of ¼ inch.

26.     This makes it difficult for the Plaintiff to traverse to the restrooms in the pool area.

27.     The foregoing is in violation of Section 303.2 in the 2010 ADA Standards.

28.     The remediation of the foregoing is readily achievable.

29.     The ramp in the parking garage that leads to the elevators from the accessible parking has a running slope that exceeds 8.33%.

30.     This makes it difficult for the Plaintiff to utilize.

31.     This foregoing is in violation of Section 405.2 in the 2010 ADA Standards.

32.     The remediation of the foregoing is readily achievable.

33.     The facility does not provide an accessible route to the public streets, public sidewalks and public transit from the facility entrance or accessible parking areas.

34.     This makes it difficult for the Plaintiff to traverse to the public way.

35.     The foregoing is in violation of Section 206.2.1 in the 2010 ADA Standards.

36.     The remediation of the foregoing is readily achievable.

**Parking**

37.     There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone.

38.     This makes it difficult for the Plaintiff to safely traverse to the lobby from the passenger loading zone.

39.     The foregoing is in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards

40.     The remediation of the foregoing is readily achievable.

41.     The passenger loading zone has a cross slope that exceeds the maximum allowance of 2%.

42.     The makes it difficult for the Plaintiff to traverse.

43.     The foregoing is a violation of Section 503.4 in the 2010 ADA Standards.

44.     The remediation of the foregoing is readily achievable.

**Entrances**

45.     The main lobby entrance and both the entrances from the interior of the hotel and the exterior of the hotel to BT's Oceanfront dining area do not provide the international symbol of accessibility or directional signage.

46.     This makes it difficult for the Plaintiff to identify the accessible entrance.

47.     The foregoing is in violation of Sections 216.4.3, 216.6, and 703.7.2.1 in the 2010 ADA Standards.

48.     The remediation of the foregoing is readily achievable.

**Common-Lobby Area**

49.     The service counter in the main lobby exceeds the maximum height requirement of 36 inches above the finish floor.

50.     The makes it difficult for the Plaintiff to utilize.

51.     The foregoing is in violation of Sections 904.4.1 and 904.4.2 in the 2010 ADA Standards.

52.     The remediation of the foregoing is readily achievable.

**BT's Oceanfront Dining Area**

53.     The tables do not provide compliant knee and toe clearance as required.

54.     This makes it difficult for the Plaintiff to utilize the tables.

55.     The foregoing is in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards

56.     The remediation of the foregoing is readily achievable.

57.     The tables in the dining area exceed the maximum height requirement of 34 inches above the finish floor.

58.     This makes it difficult for the Plaintiff to utilize the tables in the dining area.

59.     The foregoing is in violation of Section 902.3 in the 2010 ADA Standards.

60.     The remediation of the foregoing is readily achievable.

61.     The dining area does not provide at least 5% of compliant seating as required.

62.     This makes it difficult for the Plaintiff to utilize the tables.

63.     The foregoing is in violation of Section 226.1 in the 2010 ADA Standards.

64.     The remediation of the foregoing is readily achievable.

65.     The bar counter exceeds the maximum height of 34 inches above the finished floor and does not provide a lowered section at the compliant height.

66.     This makes it difficult for the Plaintiff to utilize the bar counter.

67.     The foregoing is in violation of Section 902.3 in the 2010 ADA Standards.

68.     The remediation of the foregoing is readily achievable.

**Accessible Public Men's Restroom for BT's Oceanfront**

69.     The drain pipe and water supply lines were exposed and in need of insulation.

70.     This creates a burning hazard to the Plaintiff when using the sink.

71.     The foregoing is in violation of Section 606.5 in the 2010 ADA Standards.

72.     The remediation of the foregoing is readily achievable.

73.     The mirror exceeds the maximum height requirement of 40 inches above the finish floor to the reflection surface.

74.     This makes it difficult for the Plaintiff to utilize.

75.     The foregoing is in violation of Section 603.3 in the 2010 ADA Standards.

76.     The remediation of the foregoing is readily achievable.

77.     The toilet compartment door is not self closing as required.

78.     This makes it difficult for the Plaintiff to utilize.

79.     The foregoing is in violation of Section 604.8.1.2 in the 2010 ADA Standards.

80.     The remediation of the foregoing is readily achievable.

81.     The toilet is obstructing the clear floor space for an approach to the toilet seat cover dispenser.

82.     This violation makes it difficult for the Plaintiff to utilize.

83.     The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

84.     The remediation of the foregoing is readily achievable.

85.     The toilet paper dispenser is not in the required range of 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser.

86.     This makes it difficult for the Plaintiff to utilize.

87.     The foregoing is in violation of Section 604.7 in the 2010 ADA Standards.

88.     The remediation of the foregoing is readily achievable.

89.     The toilet compartment door does not provide a u-pull on the inside of the door.

90.     This makes it difficult for the Plaintiff to close the door.

91.     The foregoing is in violation of Section 604.8.1.2 in the 2010 ADA Standards.

92.     The remediation of the foregoing is readily achievable.

93.     The side wall grab bar is not 42 inches long and does not extend a minimum of 54 inches from the rear wall as required.

94.     This makes it difficult for the Plaintiff to utilize.

95.     The foregoing is in violation of Section 604.5.1 in the 2010 ADA Standards.

96.     The remediation of the foregoing is readily achievable.

**Fitness Center**

97.     The towel shelf exceeds the maximum height requirement of 48 inches above the finished floor.

98.     This makes it difficult for the Plaintiff to utilize.

99.     The foregoing is in violation of Sections 308.2, 308.2, and 309.3 in the 2010 ADA Standards.

100.    The remediation of the foregoing is readily achievable.

**Accessible Public Men's Restroom Pool Area**

101.    The door pull does not provide 18 inches of latch side clearance parallel to the doorway.

102.    This makes it difficult for the Plaintiff to utilize.

103.    The foregoing is in violation of Section 404.2.4.1 in the 2010 ADA Standards.

104.    The remediation of the foregoing is readily achievable.

105.    The toilet is not in the compliant range of 16 inches minimum and 18 inches maximum from the side wall.

106.    This makes it difficult for the Plaintiff to utilize.

107.    The foregoing is in violation of Section 604.2 in the 2010 ADA Standards.

108.    The remediation of the foregoing is readily achievable.

109.     The flush control is located on the wrong side of the water closet.

110.     This makes it difficult for the Plaintiff to utilize.

111.     The foregoing is in violation of Section 604.6 in the 2010 ADA Standards.

112.     The remediation of the foregoing is readily achievable.

113.     The toilet compartment door does not provide a u-pull on the inside of the door.

114.     This makes it difficult for the Plaintiff to close the door.

115.     The foregoing is in violation of Section 604.8.1.2 in the 2010 ADA Standards.

116.     The remediation of the foregoing is readily achievable.

117.     The coat hook is missing at a compliant height in the toilet compartment door.

118.     This prevents the Plaintiff from using the coat hook.

119.     The foregoing is in violation of Section 603.4 in the 2010 ADA Standards.

120.     The remediation of the foregoing is readily achievable.

121.     The paper towel dispenser exceeds the maximum height requirement of 48 inches above the finish floor.

122.     This makes it difficult for the Plaintiff to reach the paper towel dispenser.

123.     The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

124.     The remediation of the foregoing is readily achievable.

125.     The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser.

126.     This makes it difficult for the Plaintiff to access to paper towel dispenser.

127.     The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

128.     The remediation of the foregoing is readily achievable.

129.    The drain pipe and water supply lines are exposed and in need of insulation.

130.    This creates a burning hazard to the Plaintiff while utilizing the sink.

131.    The foregoing is in violation of Section 606.5 in the 2010 ADA Standards.

132.    The remediation of the foregoing is readily achievable.

**Pool Area**

133.    The bar counter exceeds the maximum height requirement of 34 inches above the finish floor and does not provide a section of lowered seating as required.

134.    The foregoing makes it difficult for the Plaintiff to utilize.

135.    This is in violation of Section 902.3 in the 2010 ADA Standards.

136.    The remediation of the foregoing is readily achievable.

137.    The walkway that leads to the pool gate does not provide 18 inches of latch side clearance as required for a pull gate.

138.    This makes it difficult for the Plaintiff to utilize.

139.    The foregoing is in violation of Section 404.2.4.1 in the 2010 ADA Standards.

140.    The remediation of the foregoing is readily achievable.

**Accessible Public Men's Restroom in the lobby area**

141.    The drain pipe and water supply lines were exposed and in need of insulation.

142.    This creates a burning hazard to the Plaintiff while utilizing the sink.

143.    This foregoing is in violation of Section 606.5 in the 2010 ADA Standards.

144.    The remediation of the foregoing is readily achievable.

145.    The mirror exceeds the maximum height requirement of 40 inches above the finish floor to the reflection surface.

146.    This makes it difficult for the Plaintiff to utilize.

147.    The foregoing is in violation of Section 603.3 in the 2010 ADA Standards.

10

148.     The remediation of the foregoing is readily achievable.

149.     The toilet is not in the compliant range of 16 inches minimum and 18 inches maximum from the side wall.

150.     This makes it difficult for the Plaintiff to utilize.

151.     The foregoing is in violation of Section 604.2 in the 2010 ADA Standards.

152.     The remediation of the foregoing is readily achievable.

153.     The toilet is obstructing the clear floor space for an approach to the toilet seat cover dispenser.

154.     This makes it difficult for the Plaintiff to utilize.

155.     This is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

156.     The remediation of the foregoing is readily achievable.

157.     The flush control is located on the wrong side of the water closet.

158.     This makes it difficult for the Plaintiff to reach.

159.     The foregoing is in violation of Section 604.6 in the 2010 ADA Standards.

160.     The remediation of the foregoing is readily achievable.

161.     The toilet compartment door does not provide a u-pull on the inside of the door.

162.     This makes it difficult for the Plaintiff to close the door.

163.     The foregoing is in violation of Section 604.8.1.2 in the 2010 ADA Standards.

164.     The remediation of the foregoing is readily achievable.

165.     The paper towel dispensers exceed the maximum height requirement of 48 inches above the finish floor.

166.     This makes it difficult for the Plaintiff to access.

167.     The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

168.    The remediation of the foregoing is readily achievable.

169.    The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser.

170.    This makes it difficult for the Plaintiff to reach.

171.    The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

172.    The remediation of the foregoing is readily achievable.

**Accessible Guest Room 315**

173.    The guest room signage does not provide the international symbol of accessibility as required.

174.    This makes it difficult for the Plaintiff to identify.

175.    This is in violation of Sections 216.2 and 703.7.2.1 in the 2010 ADA Standards.

176.    The remediation of the foregoing is readily achievable.

177.    The latch security lock and the thermostat exceed the maximum height requirement of 48 inches above the finish floor to the operable mechanisms.

178.    This makes it difficult for the Plaintiff to utilize.

179.    The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

180.    The remediation of the foregoing is readily achievable.

181.    The closet rod, shelf, iron, and safe exceed the maximum height requirement of 48 inches above the finish floor to the operable mechanisms.

182.    This makes it difficult for the Plaintiff to utilize.

183.    This is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

12

184.   The remediation of the foregoing is readily achievable.

185.   The mirror exceeds the maximum height requirement of 40 inches above the finish floor to the reflection surface.

186.   This makes it difficult for the Plaintiff to utilize.

187.   The foregoing is in violation of Section 603.3 in the 2010 ADA Standards.

188.   The remediation of the foregoing is readily achievable.

189.   The shower does not provide a permanent folding seat as required in transient lodging.

190.   This makes it difficult for the Plaintiff to utilize

191.   This is in violation of Sections 608.4 and 610.3 in the 2010 ADA Standards.

192.   The remediation of the foregoing is readily achievable.

193.   The soap dish exceeds the maximum height requirement of 48 inches above the finish floor.

194.   This makes it difficult for the Plaintiff to utilize.

195.   The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

196.   The remediation of the foregoing is readily achievable.

197.   The toilet paper dispenser is not in the required range of 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser.

198.   This makes it difficult for the Plaintiff to utilize.

199.   The foregoing is in violation of Section 604.7 in the 2010 ADA Standards.

200.   The remediation of the foregoing is readily achievable.

201.   The toilet's side wall grab bar is not 42 inches long and does not extend a minimum of 54 inches from the rear wall as required.

202.    This makes it difficult for the Plaintiff to utilize.

203.    The foregoing is in violation of Section 604.5.1 in the 2010 ADA Standards.

204.    The remediation of the foregoing is readily achievable.

205.    The removable shower seat and trash receptacle are obstructing the 56 inches x 60 inches of clearance around the water closet.

206.    This makes it difficult for the Plaintiff to utilize

207.    The foregoing is in violation of Sections 604.3.1 and 604.3.2 in the 2010 ADA Standards.

208.    The remediation of the foregoing is readily achievable.

209.    The toilet's rear wall grab bar is missing.

210.    This makes it difficult for the Plaintiff to use the toilet.

211.    The foregoing is in violation of Section 604.5.2 in the 2010 ADA Standards.

212.    The remediation of the foregoing is readily achievable.

213.    The flush control is located on the wrong side of the water closet.

214.    This makes it difficult for the Plaintiff to reach.

215.    The foregoing is in violation of Section 604.6 in the 2010 ADA Standards.

216.    The remediation of the foregoing is readily achievable.

217.    The shower spray unit does not provide an on/off control with a non-positive shut-off.

218.    This makes it difficult for the Plaintiff to utilize.

219.    The foregoing is in violation of Section 608.6 in the 2010 ADA Standards.

220.    The remediation of the foregoing is readily achievable.

221.    The curtains operable mechanisms exceed the maximum height requirement of 48 inches above the finish floor to the operable mechanisms.

14

222.   This makes it difficult for the Plaintiff to utilize.

223.   The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards.

224.   The remediation of the foregoing is readily achievable.

225.   The bed is obstructing the clear floor space for an approach to the curtains' operable mechanisms.

226.   This makes it difficult for the Plaintiff to utilize.

227.   The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

228.   The remediation of the foregoing is readily achievable.

229.   The lavatory does not provide knee and toe clearance.

230.   This makes it difficult for the Plaintiff to utilize.

231.   The foregoing is in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards.

232.   The remediation of the foregoing is readily achievable.

233.   The mirror exceeds the maximum height requirement of 40 inches above the finish floor to the reflection surface.

234.   This makes it difficult for the Plaintiff to utilize.

235.   The foregoing is in violation of Section 603.3 in the 2010 ADA Standards.

236.   The remediation of the foregoing is readily achievable.

237.   The other closet in the guest room suite has a closet rod and shelf that exceeds the maximum height requirement of 48 inches above the finish floor.

238.   This makes it difficult for the Plaintiff to utilize.

239.    The foregoing is in violation of Sections 308.2, 308.3, and 309.3 in the 2010 ADA Standards

240.    The remediation of the foregoing is readily achievable.

241.    The water closet does not provide 60 inches of perpendicular clearance from the side wall.

242.    This makes it difficult for the Plaintiff to utilize.

243.    The foregoing is in violation of Sections 604.3.1 and 604.3.2 in the 2010 ADA Standards.

244.    The remediation of the foregoing is readily achievable.

245.    The chair is obstructing the clear floor space for an approach to the lamp.

246.    This makes it difficult for the Plaintiff to utilize.

247.    The foregoing is in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards.

248.    The remediation of the foregoing is readily achievable.

**Lack of Compliant Disabled Rooms Properly Disbursed**

249.    The subject hotel lacks the required number of compliant disabled rooms.

250.    The disabled rooms are not dispersed amongst the various classes of guest rooms.

251.    This is in violation of Section 224.5 of the 2010 ADAAG.

**Maintenance**

252.    The accessible features of the facility are not maintained.

253.    This creates barriers to access for Rudolph Betancourt, as set forth herein.

254.    This foregoing is in violation of 28 CFR 36.211.

16

255.    All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

256.    Some of the alleged violations are included in the prior lawsuit, Cohan v. Deerfield Beach ES Leasing, L.L.C., Case No. 0:20-cv-62316-BB (S.D. Fla. 2020).  See also, http://www.abcactionnews.com/longform/crippled-florida-businesses-seek-help-over-serial-americans-with-disabilities-act-suers.

257.    Counsel in said the afore-referenced case has been contacted, but has said the settlement is confidential.

258.    The discriminatory violations described in above are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

259.    Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of

42 USC § 12181, *et seq.* and 28 CFR 36.302, *et seq.*  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

260.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

261.    Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

262.    Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

263.    Notice to Defendant is not required as a result of the Defendant's failure to cure

the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

264.   Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Embassy Suites by Hilton Deerfield Beach Resort & Spa to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

A.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

B.    Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.    An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

19

D.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

E.      The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

Respectfully submitted,

/s/Brandon A. Rotbart
Brandon A. Rotbart, Esq., Of Counsel
FL Bar No. 124771
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Rotbart@rotbartlaw.com

*Counsel for Plaintiff Rudolph Betancourt*